**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DONGWOOK LEE,
      Appellant,

      v.

DEPARTMENT OF THE ARMY,
      Agency.

DOCKET NUMBER
AT-0752-19-0251-I-1

DATE: July 3, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Chungsoo J. Lee, Jenkintown, Pennsylvania, for the appellant.

Anne M. Norfolk, Esquire, Fort Benning, Georgia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his involuntary resignation appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

Effective December 14, 2018, the appellant resigned from his position as a GS-14 Clinical Psychologist (Neuropsychology) in the Traumatic Brain Injury Clinic (clinic) at Martin Army Community Hospital in Fort Benning, Georgia. Initial Appeal File (IAF), Tab 8 at 4, Tab 11 at 13. In his resignation letter, the appellant stated that he was resigning due to a "continuous hostile and discriminatory work environment." IAF, Tab 8 at 4.

The appellant filed an appeal with the Board and requested a hearing, alleging that his resignation was involuntary. IAF, Tab 1. On his Board appeal form, the appellant claimed that he was forced to resign due to an ongoing hostile work environment, racial discrimination, and retaliation for his whistleblowing and protected equal employment opportunity (EEO) activities. *Id*. at 4. He also stated that he was forced to resign because management was planning on removing him. *Id*. at 5.

The administrative judge issued an order informing the appellant that a resignation is presumed to be voluntary and that he would be granted a hearing

only if he made allegations of duress, coercion, or misrepresentation supported by facts which, if proven, could show that his resignation was involuntary. IAF, Tab 2 at 2. The administrative judge ordered the appellant to submit evidence and argument constituting a nonfrivolous allegation that his involuntary resignation claim is within the Board's jurisdiction. *Id*. at 3. Both parties filed responses on the jurisdictional issue, IAF, Tabs 5, 10, and the agency moved to dismiss the appeal for lack of jurisdiction, IAF, Tab 10.

Without holding a hearing, the administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction, finding that the appellant failed to nonfrivolously allege that his resignation was involuntary. IAF, Tab 18, Initial Decision (ID) at 9.

The appellant has filed a petition for review and a motion to accept the petition for review as timely or to waive the time limit.[2] Petition for Review (PFR) File, Tabs 1, 5. The agency has filed a response in opposition to the petition for review. PFR File, Tab 6.

**ANALYSIS**

<u>The administrative judge correctly dismissed the appellant's involuntary resignation appeal for lack of jurisdiction.</u>

Generally, the Board lacks the authority to review an employee's decision to resign, which is presumed to be a voluntary act. *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 9, *aff'd sub nom. Brown v. Merit Systems Protection Board*, 469 F. App'x 852 (Fed. Cir. 2011). An involuntary resignation, however, is tantamount to a removal and is therefore subject to the Board's jurisdiction. *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 17 (2007). An employee may overcome the presumption of voluntariness by showing that his resignation was the product of misinformation or deception by the agency, or of coercive acts by the agency, such as intolerable working conditions or the

---

[2] Because we are denying the appellant's petition for review on the merits, we find it unnecessary to consider the timeliness of the petition for review.

unjustified threat of an adverse action. *SanSoucie v. Department of Agriculture*, 116 M.S.P.R. 149, ¶ 14 (2011). The Board addresses allegations of discrimination and reprisal in connection with an alleged involuntary resignation only insofar as those allegations relate to the issue of voluntariness and not whether they would establish discrimination or reprisal as an affirmative defense. *Vitale*, 107 M.S.P.R. 501, ¶ 20. If the employee makes a nonfrivolous allegation of jurisdiction, i.e., an allegation that, if proven, could establish the Board's jurisdiction, he is entitled to a hearing at which he must prove jurisdiction by a preponderance of the evidence. *Id.*, ¶ 18.

When, as here, an employee alleges that the agency took actions that made working conditions so intolerable that he was forced to resign, the Board will find his resignation involuntary only if he demonstrates that the agency engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in his position would have felt compelled to resign. *Markon v. Department of State*, 71 M.S.P.R. 574, 577 (1996). The doctrine of coerced involuntariness is "a narrow one" that applies when a decision to resign "was the result of improper acts by the agency" and not merely when an employee resigns because "he does not want to accept [measures] that the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant for the employee that he feels that he has no realistic option but to leave." *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (1996). "[T]he fact than an employee is faced with an unpleasant situation or that his choice is limited to two unattractive options does not make his decision any less voluntary." *Id.* The touchstone of the voluntariness analysis is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived him of freedom of choice. *Searcy v. Department of Commerce*, 114 M.S.P.R. 281, ¶ 12 (2010).

In his response to the jurisdictional order, the appellant recounted a series of events that purportedly forced him to resign. IAF, Tab 5. In particular, the appellant alleged as follows:

During a meeting on April 11, 2018, a primary care physician (PCP) demanded that all of his referrals to Neuropsychology receive a comprehensive evaluation and that the appellant change the format and content of his neuropsychology reports. IAF, Tab 5 at 7. The appellant told the PCP that asking him to write an important clinical document to the PCP's own liking was unprofessional and insulting. *Id*. When the appellant challenged the PCP's "clinical practice," the PCP yelled at the appellant, saying, "You do whatever you want, and I am not going to talk to you anymore," and the PCP then left the room. *Id*. at 8. The appellant's supervisor did not intervene on his behalf; instead, she stated that the appellant should comply with the PCP's demands. *Id*.

On August 8, 2018, the appellant discovered that the PCP was sending Attention Deficit Hyperactivity Disorder (ADHD) evaluation requests to a Caucasian clinical psychologist who was not qualified to perform neurocognitive evaluation, and whose scope of practice did not include ADHD evaluation, thereby bypassing and undermining the appellant, who performed neurocognitive evaluations as his primary service, and whose scope of practice included ADHD evaluation. *Id*. at 8-9.

During a meeting on August 29, 2018, the appellant's supervisor approved a treatment plan proposed by a Caucasian occupational therapist with no expertise or training in neurocognitive evaluation over the appellant's objections that the plan could result in a waste of resources. *Id*. at 9-10.

During an October 2, 2018 meeting, the appellant informed his supervisor and the clinic administrator that a psychology technician (PT), who also attended the meeting, had erroneously sent treatment notes pertaining to the appellant's biofeedback patients to the PCP for signature/approval instead of the appellant, and had failed to provide the appellant updates on his biofeedback patients, as he

had repeatedly requested. *Id*. at 10-13. The appellant's supervisor concluded that the appellant's dispute with the PT was a matter of miscommunication and ignored his request to correct the PT's errors and lack of cooperation. *Id*. at 13.

On November 5, 2018, six days after the appellant's supervisor was interviewed by an EEO counselor regarding the appellant's EEO claim, she issued him a Letter of Warning, IAF, Tab 8 at 35-36, citing his conduct during the August 29 and October 2, 2018 meetings and threatening further disciplinary action. IAF, Tab 5 at 13-14.

The appellant was not interviewed during a staff assistance visit (SAV) conducted on November 6-7, 2018, and the hospital commander ignored his request that the SAV be conducted by staff who had no previous contact with clinic leadership. *Id*. at 15.

On several occasions, the appellant notified clinic management that the PCP had engaged in malpractice; however, they failed to address his concerns. *Id*. at 14. He also informed his second-level supervisor that his immediate supervisor had sided with the PCP against him and that his work environment was discriminatory and hostile based on his race and national origin. *Id*.

In his response to the jurisdictional order, the appellant further claimed that: he felt helpless when he realized that the agency was acting against him and "tried to get rid of him"; he feared that he could lose his license due to the PT's misconduct; two of his colleagues were forced to leave their positions due to discrimination; and the stressful situation at work caused him to suffer chronic headaches, insomnia, and chronic fatigue, and was harmful to his family, spiritual, and emotional life. *Id*. at 16-17.

In the initial decision, the administrative judge considered the circumstances described by the appellant and concluded as follows: "I do not find that the facts as alleged by the appellant made working conditions so difficult or unpleasant that a reasonable person in his position would have felt compelled to resign." ID at 9 (citing *Markon*, 71 M.S.P.R. at 577-78). In making

this finding, the administrative judge observed that the appellant's complaints largely result from management's decisions concerning his field and that he was "undeniably frustrated" when his coworkers disagreed with his recommendations as to how the clinic should conduct neurocognitive evaluations. ID at 8. However, the administrative judge found that the agency has the right to make these decisions and the appellant's strong disagreement with these decisions does not make his resignation involuntary. *Id*.

In addition, the administrative judge found unpersuasive the appellant's arguments that he was forced to resign because his supervisor was "trying to get rid of" him or that he "could lose his license." *Id*. The administrative judge found that both of these allegations were based on mere supposition. *Id*. Moreover, the administrative judge explained that, if the agency had taken an actual removal action against him, he could have appealed that action to the Board. *Id*. (citing *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1329 (Fed. Cir. 2006) (en banc) (stating that a resignation is not involuntary if the employee had a choice of whether to resign or contest the validity of the agency action)).

As for the appellant's allegations of discrimination, the administrative judge found that most of these allegations were based on suppositions that minority coworkers were subjected to discriminatory animus and the mere fact that some of the neurocognitive evaluation work was sent to a Caucasian. ID at 8. The administrative judge concluded that these facts alone do not show that the appellant was subjected to intolerable working conditions. ID at 8-9. The administrative judge also found that, although the appellant did not like working at the clinic, his allegations did not show that his resignation was the result of improper pressure, intimidation, or coercion by the agency. ID at 9. Accordingly, the administrative judge found that the appellant failed to make a nonfrivolous allegation of facts which, if proven, could show that his resignation was involuntary. *Id*.

The appellant challenges this finding on review and reiterates his argument from below that he was forced to resign due to intolerable working conditions.[3] PFR File, Tab 1 at 10-25; IAF, Tab 5 at 6-18. He alleges that, in addressing his allegations of intolerable working conditions, the administrative judge omitted or mischaracterized several relevant facts[4] and failed to consider the totality of the circumstances from April to December 2018, which culminated in his resignation, in order to conclude: "While I understand that the appellant was increasingly frustrated with the clinic's policy and processes in neuropsychology, I do not find that the facts as alleged left him no choice but to resign." PFR File, Tab 1 at 18 (quoting ID at 7-8).

The appellant argues that, by characterizing the circumstances that precipitated his resignation as mere "policy and process" issues, the administrative judge grossly misrepresented the facts while entirely ignoring "incompetence, mismanagement, mishandling of patients[,] and medical treatments bordering on medical malpractice and seriously posing a risk to [the] [a]ppellant's own medical license and professional reputation." *Id*. at 19.

The gist of the appellant's arguments regarding the jurisdictional issue is that, by omitting some facts and mischaracterizing others, the administrative judge minimized the difficulty and unpleasantness of his working conditions so that she could find that he failed to nonfrivolously allege that his working conditions were so difficult or unpleasant that a reasonable person in his position would have felt compelled to resign. *Id*. at 10-24.

These arguments provide no basis to disturb the initial decision. It is well settled that the administrative judge's failure to mention all of the evidence of

---

[3] The portion of the petition for review challenging the administrative judge's jurisdictional determination is largely the same as the appellant's response to the jurisdictional order. *Compare* PFR File, Tab 1 at 11-18, 20-24, *with* IAF, Tab 5 at 7-17.

[4] For example, the appellant asserts that the administrative judge "entirely neglected" to mention the "medical deterioration [and] the social and emotional degradation [he] suffered as a result of the intolerable working conditions." PFR File, Tab 1 at 22.

record does not mean that she did not consider it in reaching her decision. *Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

Moreover, based on our review of the record, we agree with the administrative judge that the appellant failed to make a nonfrivolous allegation of Board jurisdiction over this appeal. ID at 9. An employee is not guaranteed a working environment free of stress. Dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are generally not so intolerable as to compel a reasonable person to resign. *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000).

Further, as the administrative judge correctly found, the appellant's allegation that management officials were planning to remove him at the time he resigned does not render his resignation involuntary. ID at 8. The appellant did not allege that the agency had even proposed such an action when he resigned. Thus, instead of resigning based on his speculation that such an action might occur in the future, the appellant clearly had an option of contesting an action he thought was invalid if and when it did occur. *See Garcia*, 437 F.3d at 1329.

Also, even if the appellant genuinely felt that he had no alternative but to resign, in part due to his medical conditions, he failed to make a sufficient allegation of a coercive or improper act on the part of the agency that could have left a reasonable person in his position with no other choice but to resign. *See Brown*, 115 M.S.P.R. 609, ¶ 17 (finding that, even if the appellant's medical condition left her no alternative but to retire, she failed to tie her circumstances to an improper agency act that could have left a reasonable person in her position with no choice but to resign). Therefore, we find that the administrative judge properly dismissed this appeal for lack of jurisdiction. ID at 9.

<u>The appellant's remaining arguments on review provide no basis to disturb the initial decision.</u>

The appellant's petition for review contains several other arguments that are unavailing. For example, the appellant argues that the administrative judge erred by allowing the agency to file pleadings without designating its representative. PFR File, Tab 1 at 6-7. However, he has failed to articulate how this purported error relates to his jurisdictional burden in the instant appeal.

For the first time on review, the appellant objects to the deadlines set forth in the acknowledgement and jurisdictional orders dated February 15, 2019. *Id*. at 5-9; IAF, Tabs 2-3. In particular, the appellant contends that the administrative judge abused her discretion by requiring him to submit evidence and argument establishing a nonfrivolous allegation of Board jurisdiction by February 25, 2019, yet affording the agency until March 7, 2019, to submit the agency file and respond to the jurisdictional order. PFR File, Tab 1 at 5-7. The appellant asserts that not having the opportunity to review the agency file before responding to the jurisdictional order "gravely prejudiced" him because, without knowing the agency's position regarding the circumstances that allegedly forced him to resign, his response to the order was not as effective as it could have been had he been allowed to obtain the agency file before submitting his response. *Id*. at 7.

The Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant did not raise any objection below to the deadlines set by the administrative judge and presents no evidence, let alone new and material evidence, to support his argument that he was prejudiced by those deadlines. PFR File, Tab 1. Therefore, we do not consider the appellant's new argument. *See Banks*, 4 M.S.P.R. at 271.

The appellant also reiterates his argument from below that the agency file is untimely because it was due on March 7, 2019, but the Board did not receive it

until March 11, 2019.  PFR File, Tab 1 at 6; IAF, Tab 15.  The agency file was submitted by mail and we are unable to determine the postmark date because the record does not include a copy of the envelope in which the agency's file was mailed.  IAF, Tab 11 at 1.  Therefore, the agency's file is timely under 5 C.F.R. § 1201.4(*l*) (providing that the date of a filing by mail is the postmark date and, if no legible postmark date appears on the mailing, the submission is presumed to have been mailed 5 days before its receipt (excluding days on which the Board is closed for business)).

The appellant argues that the administrative judge's statement that "there is no factual dispute bearing on the jurisdictional issue" suggests that she dismissed the appeal by summary judgment, which the Board does not allow.  PFR File, Tab 1 at 9; *see Crispin v. Department of Commerce*, 732 F.2d 919, 922 (Fed. Cir. 1984) (holding that summary judgment is not available in Board proceedings). The initial decision clearly shows that the administrative judge dismissed the appeal for lack of jurisdiction based on her finding that the appellant failed to make a nonfrivolous allegation of facts which, if proven, could show that his resignation was involuntary.  ID at 1, 9.

The appellant further alleges that the administrative judge erred by dismissing his hearing request without providing him an adequate opportunity to engage in discovery, and he contends that the jurisdictional questions could have been better resolved by conducting a hearing.  PFR File, Tab 1 at 8.  An appellant is not entitled to a hearing on the issue of Board jurisdiction over an appeal of an alleged involuntary resignation unless he makes a nonfrivolous allegation casting doubt on the presumption of voluntariness.  *Searcy*, 114 M.S.P.R. 281, ¶ 12.  The Board has also found that an appellant is not entitled to discovery when he fails to raise a nonfrivolous allegation of the Board's jurisdiction.  *See Sobczak v. Environmental Protection Agency*, 64 M.S.P.R. 118, 122 (1994) (finding that the administrative judge properly denied discovery because the appellant failed to plead facts sufficient to establish jurisdiction).  As discussed above, the appellant

failed to make a nonfrivolous allegation of Board jurisdiction regarding his involuntary resignation claim. Thus, the appellant was not entitled to either a jurisdictional hearing or discovery based on that claim.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b) (9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.